IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICK SOLOMON, JODI SOLOMON, and
ESTATE OF BEAU JORDAN SOLOMON,

                Plaintiffs,

v.

JOHN CABOT UNIVERSITY, and
ACE AMERICAN INSURANCE COMPANY,

                Defendants.

OPINION & ORDER

17-cv-621-jdp

---

Beau Jordan Solomon, a University of Wisconsin student, traveled to Rome, Italy, to study at defendant John Cabot University. Beau was murdered by an assailant in Rome, and his estate and parents are now suing JCU and its insurer, defendant ACE American Insurance Company. Plaintiffs assert negligence claims on the theory that JCU failed to warn visiting students about criminal activities around the campus. This order will address two matters: this court's subject matter jurisdiction and defendants' motion to dismiss.

**A. Subject matter jurisdiction**

Plaintiffs invoke diversity jurisdiction and allege that JCU is a limited liability company. Dkt. 19, ¶ 8. If JCU really were an LLC, plaintiffs would need to allege the citizenship of each of JCU's members. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("[T]he citizenship of an LLC is the citizenship of each of its members."). But plaintiffs are apparently mistaken as to JCU's corporate form. Pamela Harris, an associate dean of JCU, indicates in her declaration that JCU is incorporated in Delaware and that JCU operates in Rome. Dkt. 16, ¶ 4. The court takes Harris to mean that JCU's principal place of business is Rome. Accordingly, the court is satisfied that it may proceed on the basis of diversity

jurisdiction at this time. But the parties must promptly inform the court any issue that raises doubt as to the court's subject matter jurisdiction. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002).

**B. Motion to dismiss**

JCU and Ace moved to dismiss for lack of personal jurisdiction and invoked the doctrine of *forum non conveniens*. Dkt. 14. Plaintiffs filed an amended complaint in response, Dkt. 19, which superseded the original complaint. The court will deny JCU and Ace's motion to dismiss as moot, but JCU and Ace may have three weeks to address a new motion to the amended complaint.

ORDER

IT IS ORDERED that:

1. Defendants John Cabot University, Inc. and ACE American Insurance Company' motion to dismiss, Dkt. 14, is DENIED as moot.

2. Defendants may renew their motion to dismiss, but they must do so within three weeks from the date of this order.

Entered November 2, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge